## Hatler v. Hatler, et al.

(Decided March 21, 1913.)

### Appeal from Allen Circuit Court.

1. Tax Sale—Sheriff's Deed—Evidence of Title—Kentucky Statutes, Section 4030.—A sheriff's deed not made to the purchaser at a tax sale or to his grantee or assignee, but to an entire stranger to the tax sale, in consideration of his paying the taxes on the property for the year for which it was sold, is not prima facie evidence of title in such stranger. In such a case the deed conveys no title whatever.

2. Improvements—Lien For.—Where in an action to sell land on the ground of indivisibility one of the defendants asserted a claim for improvements, evidence examined, and held that the chancellor fixed the defendants lien for improvements at less than the amount that they enhanced the vendible value of the land.

3. Land—Sale of on Ground of Indivisibility.—Where certain children and grandchildren of an intestate bring an action to sell certain land on the ground of indivisibility, it was error to adjudge

plaintiffs the owners of the land where the record shows that one of the defendants has an interest therein either by virtue of his being an heir of his father, who was a son of the intestate, or by virtue of a deed which his father made to him.

GOAD & OLIVER for appellant.

J. H. GILLIAM, D. W. WRIGHT for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Enoch Hatler was the owner of 60 acres of land in Allen County, Kentucky. He died about the year 1902. He left surviving him several children and grandchildren. At the time of the institution of this suit his wife was dead. His son, Pierson Hatler, and others who were his children and grandchildren, brought this action against Alex. Hatler, Becky Hatler and John William Hatler to sell the farm on the ground of indivisibility. J. W. Hatler filed an answer, counterclaim and cross-petition, denying the title of the plaintiffs, and asserting title in himself by virtue of a tax deed made by the sheriff of Allen County to his father, Alex. Hatler, and by virtue of a deed made to him by his father and mother in consideration of his supporting his father and mother. He also asked a lien for the improvements which he had made on the land, amounting to $500. On final hearing, the chancellor adjudged the plaintiffs to be the owners of the land in controversy, and ordered the land to be sold. J. W. Hatler was adjudged a lien on the land in the sum of $150 for improvements, less the reasonable rental of the land during the time it was occupied by him. From that judgment J. W. Hatler appeals.

It appears from the record that Enoch Hatler failed to pay certain taxes, amounting to $14.50, due Allen County for the year 1890. J. C. Wygal, collector of Allen County, sold the farm in controversy on August 10, 1891. S. S. Wygal, who was the highest bidder, became the purchaser at the price of $14.50. On April 27, 1911, J. N. Flowers, who was then sheriff of Allen County, executed, acknowledged and delivered to Alex. Hatler a deed to the land in controversy. The deed recites the foregoing facts, and the fact that the land was not redeemed either by Enoch Hatler or Alex. Hatler,

his legal representative, after five years from date of sale. The deed further recites the payment of the purchase money by Alex. Hatler, but is silent as to the time when the money was paid. On April 29, 1911, Alexander A. Hatler and his wife signed, acknowledged and delivered to J. W. Hatler a deed to the property in question. The consideration of this conveyance was the comfortable maintenance and support of Alex. Hatler and his wife, and the burial expenses of both at their death. The taxes on the property in question accruing after the year 1890 appear to have been paid by Enoch Hatler until he died. After that time they were paid by Alex. Hatler. There was some proof to the effect that the improvements put on the land by J. W. Hatler were worth five or six hundred dollars.

For defendant, J. W. Hatler, it is contended that as the sheriff's deed to his father made out a *prima facie* case of title in him, and as there was no showing of any fatal irregularity in the tax proceedings, the deed from his father to him was sufficient to vest title in defendant, and that the court therefore erred in holding that defendant was without title. Under section 4159, Kentucky Statutes, the sheriff is authorized in the name of the Commonwealth, where the Auditor of Public Accounts is not directed to make deeds of conveyance as provided in section 154, to convey to the purchaser the property described in the certificate of purchase. Section 4030, Kentucky Statutes, is as follows:

"In all suits and controversies involving the title to lands claimed or held under a deed executed by the sheriff in pursuance of a sale for taxes, the deed shall be *prima facie* evidence of the regularity of the sale, and of all prior proceedings, and title in the person to whom the deed has been executed."

The sheriff's deed in question shows that S. S. Wygal became the purchaser. The deed was not made to the purchaser or to the purchaser's grantee or assignee. The deed purports to be made to Alex. Hatler not in consideration of his purchase at the tax sale, or in consideration of the fact that he was the grantee or assignee of the purchaser at the tax sale. It purports to have been made in consideration of the payment of the taxes by Alex. Hatler. The deed is not, therefore, a deed executed by the sheriff "in pursuance of a sale for taxes." It is a deed to an entire stranger to the tax sale, and that being

true, it is not *prima facie* evidence of title in Alex. Hatler, to whom the deed was executed. In fact, the deed conveyed no title to him whatever.

A careful examination of the evidence leads to the conclusion that the improvements placed upon the land in question enhanced its vendible value to a greater extent than that fixed by the judgment. After charging defendant with the reasonable rental value of the land during the time that he occupied it, we conclude that he is entitled to a lien for improvements in the sum of $150, over and above the rents due by him.

The judgment is also erroneous, because it adjudges plaintiffs to be the owners of the land. J. W. Hatler's father was one of the sons of Enoch Hatler. His interest in the land passed to the defendant, J. W. Hatler, either as an heir or by virtue of the deed which he and his wife executed to the defendant. It follows, therefore, that defendant has an interest in the land in addition to his claim for improvements, amounting to $150.

Judgment reversed and cause remanded with directions to enter judgment in conformity to this opinion.